UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLOTTE J. SABIN,

      Plaintiff,

v.

                            CASE NO. 2:09-CV-13463-DT
                            JUDGE JULIAN ABELE COOK
                            MAGISTRATE JUDGE PAUL KOMIVES

OAKLAND COUNTY DRAIN
COMMISSION/WATER RESOURCE,

      Defendant.

_____/

**REPORT AND RECOMMENDATION**

I.      <u>RECOMMENDATION</u>: The Court should grant defendant's motion for summary judgment.

II.     <u>REPORT</u>:

A.    *Procedural Background*

Plaintiff Charlotte J. Sabins, proceeding *pro se*, commenced this action on September 1, 2009, pursuing a claim under the Americans with Disabilities Act (ADA). Plaintiff's complaint names as defendant her former employer, the Oakland County Drain Commission. Plaintiff alleges that defendant violated the ADA by failing to accommodate her disability and ultimately terminating her. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) on November 25, 2008. The EEOC issued plaintiff a right-to-sue letter on June 18, 2009. Plaintiff thereafter commenced this action.

Defendant served on plaintiff interrogatories and requests for admissions on December 10, 2009. On June 17, 2010, the Court held a scheduling conference with the parties. Although plaintiff's time to answer defendant's interrogatories and requests for admission under the Federal

1

Rules of Civil Procedure had expired, the Court granted plaintiff an additional 60 days in which to either retain counsel or answer the discovery requests. Plaintiff has not served responses as of the date of this Report. On September 21, 2010, defendant filed this motion for summary judgment. Defendant argues that, because plaintiff has failed to respond to its requests for admissions, those requests are deemed admitted. Defendant further argues that under the facts so admitted, it is entitled to judgment as a matter of law. On October 22, 2010, I entered an Order requiring plaintiff to respond to the motion by November 17, 2010. As of the date of this Report, plaintiff has not filed a response to the motion.

B.     *Legal Standards*

    1.     *Summary Judgment Generally*

Under Rule 56, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of

material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451

(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party

need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the

burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district

court -- that there is an absence of evidence to support the non-moving party's case." *Celotex*

*Corp.*, 477 U.S. at 325. "Once the moving party satisfies its burden, 'the burden shifts to the

nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell*

*Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e).

     To create a genuine issue of material fact, however, the non-movant must do more than

present some evidence on a disputed issue. As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the
> nonmoving party for a jury to return a verdict for that party. If the [non-movant's]
> evidence is merely colorable, or is not significantly probative, summary judgment
> may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23;

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he

existence of a mere scintilla of evidence in support of the non-moving party's position will not be

sufficient; there must be evidence on which the jury could reasonably find for the non-moving

party." *Sutherland*, 344 F.3d at 613.

     2.     *Effect of Plaintiff's Failures to Respond*

     At the outset, I note that the Court may not grant defendant's motion for summary judgment

solely based on plaintiff's failure to respond to the motion. Pursuant to this Court's local rules,

plaintiff had 21 days in which to file a response to plaintiff's September 21, 2010, motion. *See* E.D.

Mich. LR 7.1(e)(1)(B).  After this time period had expired, I entered an Order granting plaintiff additional time, until November 17, in which to file a response.  This extended time period has been expired for nearly six months.  Local Rule 7.1 provides that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available."  E.D. Mich. LR 7.1(c)(1).   No response to petitioner's motion has been filed.  Ordinarily, this would justify the Court in treating the motion as unopposed and granting the relief sought.

However, Rule 56 provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment *if* the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it."  FED. R. CIV. P. 56(e)(3) (emphasis added).  By its plain terms, therefore, Rule 56 requires the Court to determine whether the movant is entitled to summary judgment even in the absence of a response from the opposing party.  *See id.*, advisory committee note, 2010 amendment; *Amaker v. Foley*, 274 F.3d 677, 680-81 (2d Cir. 2001); *Winters v. Country Home Prods., Inc.*, 654 F. Supp. 2d 1173, 1179 (D. Mont. 2009).  Nevertheless, in making this determination it is appropriate for the Court to "consider the fact[s] [set forth by defendant] undisputed for purposes of the motion."  FED. R. CIV. P. 56(e)(2); *see also*, *Gustin v. Potter*, 474 F. Supp. 2d 460, 463 (W.D.N.Y. 2007).

Likewise, in resolving defendant's motion it is appropriate to consider as admitted by plaintiff the matters set forth in defendant's requests for admission served on plaintiff.  As noted above, plaintiff failed to respond to these requests, despite being given both ample opportunity and specific direction from the Court to do so.  Rule 36 provides that a matter is deemed admitted if a timely response is not made to a request for admission, *see* FED. R. CIV. P. 36(a)(3), and that "[a]

4

matter admitted under this rule is conclusively established . . . ."  FED. R. CIV. P. 36(b).  And "[t]he

facts deemed admitted by operation of Rule 36 because of [a party's] failure to respond may serve

to support the grant of summary judgment . . . ."  *Nick-O-Val Music Co., Inc. v. P.O.S. Radio, Inc.*,

656 F. Supp. 826, 828 (M.D. Fla. 1987); *see also*, *In re Carney*, 258 F.3d 415, 420 n.6 (5th Cir.

2001) (citing cases).

C.      *Analysis*

        The ADA prohibits employers from discriminating against a "qualified individual with a

disability" on the basis of that person's disability.  Under the ADA:

> The term "disability" means, with respect to an individual–
>         (A) a physical or mental impairment that substantially limits one or more of
> the major life activities of such individual;
>         (B) a record of such an impairment; or
>         (C) being regarded as having such an impairment

42 U.S.C. § 12102(2).  "The term 'qualified individual with a disability' means an individual with

a disability who, with or without reasonable accommodation, can perform the essential functions of

the employment position that such individual holds or desires."  42 U.S.C. § 12111(8).  Further,

"consideration shall be given to the employer's judgment as to what functions of the job are

essential, and if an employer has prepared a written description before advertising or interviewing

applicants for the job, this description shall be considered evidence of the essential functions of the

job."  *Id*.  With regard to discrimination, the statute provides: "No covered entity shall discriminate

against a qualified individual with a disability because of the disability of such individual in regard

to job application procedures, the hiring, advancement, or discharge of employees, employee

compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C.

§ 12112(a).  Discrimination includes "not making reasonable accommodations to the known

physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity[.]" 42 U.S.C. § 12112(b)(5)(A).

A plaintiff asserting an ADA claim may prove her case through either direct or circumstantial evidence. If the plaintiff has direct evidence of discrimination:

> 1) The plaintiff bears the burden of establishing that he or she is 'disabled.'
> 2) The plaintiff bears the burden of establishing that he or she is 'otherwise qualified' for the position despite his or her disability: a) without accommodation from the employer; b) with an alleged 'essential' job requirement eliminated; or c) with a proposed reasonable accommodation.
> 3) The employer will bear the burden of proving that a challenged job criterion is essential, and therefore a business necessity, or that a proposed accommodation will impose an undue hardship upon the employer.

*Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1186 (6th Cir. 1996).

In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the Court established a burden shifting framework for plaintiffs who seek to establish a discrimination claim under Title VII through circumstantial evidence. Section 107(a) of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12117 incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, and hence an ADA claim is governed by the *McDonnell Douglas* burden shifting framework:

> In Title VII actions, "a plaintiff may establish discrimination either by introducing direct evidence or by proving inferential and circumstantial evidence which would support an inference of discrimination." *Kline v. Tenn. Auth.*, 128 F.3d 337, 348 (6th Cir. 1997). When using circumstantial evidence to create an inference of discrimination, the complainant must carry the initial burden of establishing by a preponderance of the evidence a prima facie case of discrimination by his or her employer. In evaluating a claim of employment discrimination, we employ the burden-shifting approach first announced in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 39 L.Ed.2d 668 (1973). *See also Vaughn v. Watkins Motor Lines, Inc.*, 291 F.3d 900, 906 (6th Cir. 2002); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 525-53, 101 S.Ct. 1089, 67 L.Ed.2d

207 (1981). A plaintiff who successfully establishes a prima facie case receives the benefit of a presumption that the employer unlawfully discriminated against him. *Burdine*, 450 U.S. at 254, 101 S.Ct. 1089. The burden then "shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.'" *Id.* at 253, 101 S.Ct. 1089 (quoting *McDonnell*, 411 U.S. at 802, 93 S.Ct. 1817). Finally, "should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant was not its true reasons, but were a pretext for discrimination." *Id.* Throughout this shifting burdens framework applicable when circumstantial evidence is involved, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id.*; *see also Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995).

*DiCarlo v. Potter*, 358 F.3d 408, 414-415 (6th Cir. 2004).

In order to establish a *prima facie* case of disability discrimination under the ADA, plaintiff must show that "(1) [s]he is a member of a protected class; (2) [s]he suffered an adverse employment action; (3) [s]he was qualified for the position in question; and (4) [s]he was treated differently from similarly situated individuals outside of [her] protected class." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 570 (6th Cir. 2004); *see also*, *DiCarlo*, 358 F.3d at 415.

Here, there is no genuine issue of material fact that plaintiff was not "otherwise qualified" to perform the essential functions of her job, without or without reasonable accommodation. The uncontested evidence in the record establishes that plaintiff suffered from asthma which, beginning in January 2008, resulted in medical restrictions prescribed by plaintiff's physicians requiring minimal sedentary work performed indoors with no changes in heat or humidity. *See* Def.'s Br., Ex. 2; Ex. 6, Request to Admit 11. A February 22, 2008, prescription note stated that plaintiff could return to work on March 1, 2008, "with restrictions to avoid cold weather, fumes, odor; sit down secretarial job is recommended until May." *See id.*, Ex. 3. On May 29, 2008, following a flare-up of plaintiff's condition, her doctor restricted her from working for four weeks, with an estimated

return date of July 6, 2008.  *See id.*, Ex. 6, Request to Admit 15-16.  On July 15, 2008, plaintiff's doctor restricted plaintiff's work to sedentary work with an inside job during cold months and no exposure to fumes or odors.  *See id.*, Ex. 4; Ex. 6, Request to Admit 17.  Finally, on October 15, 2008, plaintiff's doctor restricted plaintiff to no more than two hours of work per day.  *See id.*, Request to Admit 18.  After plaintiff exhausted all of her leave, and with defendant being unable to accommodate her restrictions, plaintiff was terminated pursuant to defendant's separation policy. *See id.*, Ex. 5.

Plaintiff's limitations, as imposed by her doctors, were wholly inconsistent with her job duties as a Meter Mechanic I.  As outlined in defendant's written job description and as effectively admitted by plaintiff's failure to respond to the Requests for Admission, the duties of a Meter Mechanic I included, *inter alia*:

- installation, servicing and maintenance of flow measuring and related water maintenance equipment;

- operation, repair, and maintenance of electronic, power, and mechanical equipment;

- installation, testing, and repair of water maintenance equipment, opening water service to new customers, shutting off water service, field testing water and performing water sampling, and reading and recording water meters;

- performance of manual duties outdoors for an extended period of time in both hot and cold temperatures, and in damp weather;

- work under hazardous and difficult working conditions common to wells and sewers, such as underground confined areas involving odors and dampness; and

- operate and repair power and hand tools and equipment.

*See* Def.'s Br., Ex. 1; Ex. 6, Requests to Admit #4-10.

Given plaintiff's limitations, there is no doubt that she was unable to perform the essential

8

functions of her job, either with or without reasonable accommodation.  The essential functions of plaintiff's job required her to work outdoors in wet, cold, and hot environments, conditions in which she was incapable of working.  Nor can plaintiff show that she could perform the essential functions of her job with reasonable accommodation.   A "plaintiff bears the burden of identifying an accommodation, and of demonstrating that the accommodation allows [her] to perform the job's essential functions." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255-56 (11th Cir. 2001).  "An accommodation can qualify as 'reasonable,' and thus be required by the ADA, only if it enables the employee to perform the essential functions of the job." *Id*. at 1255; *see also*, *Dark v. Curry County*, 451 F.3d 1078, 1089 (9th Cir. 2006).  In other words, "reasonable accommodation does not include modifications that would eliminate an essential job function." *Lowry v. Eastman Kodak Co.*, 14 Fed. Appx. 27, 30 (2d Cir. 2001).  Here, plaintiff has pointed to no accommodation which would allow her to perform the essential job functions of working in hot, cold, and damp conditions.

Nor can plaintiff show that transfer to a different position would constitute a reasonable accommodation.  While transfer to another position may be a required reasonable accommodation in certain cases, it is not always so.  To prevail on such a claim, plaintiff must point to a specific, identified position which was available at the time and which she was capable of performing with or without reasonable accommodation.  *See Peltier v. United States*, 388 F.3d 984, 989 (6th Cir. 2004); *Taylor v. Pepsi-Cola Co.*, 196 F.3d 1106, 1110 (10th Cir. 1999).  Plaintiff has not done so. Further, defendant asserts in its brief that plaintiff was placed on a transfer list, but no positions meeting plaintiff's restrictions became available due to difficult economic conditions and a hiring freeze.  Plaintiff, by failing to respond to defendant's motion, has pointed to no evidence contradicting this assertion.  Defendant was not required by the ADA to keep plaintiff on leave

until a position she could perform became vacant, or to create a new position for her, or to displace other workers. *See Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 457 (6th Cir. 2004); *Burns v. Coca-Cola Enters., Inc.*, 222 F.3d 247, 257 (6th Cir. 2000); *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1187 (6th Cir. 1996).

In short the evidence in the record, consisting of plaintiff's admissions and defendant's submissions in support of its motion for summary judgment, establishes that plaintiff was unable to perform the essential functions of her job, either with or without reasonable accommodation. Thus, as a matter of law she cannot show that she was a "qualified individual with a disability," and defendant is entitled to summary judgment.

D.      *Conclusion*

In view of the foregoing, the Court should grant defendant's motion for summary judgment.

III.      <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 5/9/11


> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on May 9, 2011.
>
> s/Eddrey Butts
> Case Manager

11