UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLOTTE J. SABINS,

        Plaintiff,

                                            Case number 09-13463
v.                                          Honorable Julian Abele Cook, Jr.

OAKLAND COUNTY DRAIN COMMISSION,

        Defendant.

<u>ORDER</u>

On September 1, 2009, the Plaintiff, Charlotte J. Sabins, acting *pro se*, filed a lawsuit in which she complained that her former employer, the Oakland County Drain Commission ("the Commission") had violated her rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 - 12213. This claim arises from Sabins' allegations that the Commission had failed to accommodate her disability by allowing her to work with physician-recommended restrictions, notwithstanding her fitness to do so. After filing a charge with the Equal Employment Opportunity Commission ("EEOC"), Sabins received a "right-to-sue" letter on June 18, 2009 and, thereafter commenced this lawsuit.

In June of the following year, the Court issued a stay of the proceedings in this litigation in order to give Sabins an opportunity to seek and retain the assistance of a lawyer. She was also given until August of 2010 to (1) answer the Commission's interrogatories, (2) release her pertinent medical records for review, and (3) appear for timely depositions. Despite having been given a sufficient amount of time in which to comply with the directives of the Court, she failed to do so. When Sabins also failed to answer its interrogatories in a timely fashion, the Commissioner moved

for the entry of a summary judgment on September 21, 2010 which remains unopposed as of this date. Nevertheless, the matter was referred to a magistrate judge for a recommendation with regard to the disposition of the pending dispositive motion. On May 9, 2011, the magistrate judge filed a report[1] which noted that Sabins (1) was unable to perform the essential functions of her job, and (2) could not identify any reasonable accommodation that would allow her to work in her current position. As a result, the magistrate judge recommended that the Court grant the Defendant's request for the entry of a summary judgment.

I.

The Defendant seeks the entry of a summary judgment on the basis of Fed. R. Civ. P. 56(c). A case may be resolved by way of a summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* In exploring such a request, the district court must view the evidence in a light that is most favorable to the non-moving party. *60 Ivy Street Corp. v. Alexander*, 822 F.3d 1432, 1435 (6th Cir. 1987).

An issue is genuine if it contains evidence upon which a jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden of proof

---

[1] The magistrate judge - after recognizing that Sabins had been given an extensive amount of time in which to respond to the Commission's motion for a summary judgment - deemed it appropriate to treat her failure to file a pleading in opposition to the pending motion as an admission of those facts that were asserted by the movant. The Court agrees that this is a permissible approach, especially when Sabins is without counsel. *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party. . . ."); *See also,* Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."); *Reischauer v. Jones*, No. 4:04-CV-42, 2005 WL 2045833, *4 (W.D. Mich. Aug. 24, 2005) (noting that admissions can establish the factual basis to support a motion for summary judgment).

rests upon the moving party to affirmatively demonstrate the absence of all genuine issues of a material fact in the record. *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986).

The ADA prohibits an employer from discriminating against "a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The word, discrimination - within the context of an ADA claim - has been defined to include a failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability," unless the employer can show that the accommodation would impose an undue hardship on its business. *Lafata v. Church of Christ Home for Aged*, 325 Fed. Appx. 416, 421-422 (6th Cir. 2009).

II.

Sabins was able to perform her work as a meter mechanic without restrictions until January 2008 when, because of a continuing asthmatic condition, she was advised by her physician to work only with certain suggested physical limitations (i.e., perform only minimal sedentary work assignments indoors and within those environments that would not undergo major changes in heat or humidity). These restrictions were reduced to writing and submitted to the Commission by Sabins along with a request for an accommodation in her work assignment. Another note from her physician on February 20, 2008 expressed the view that Sabins could return to work on March 1, 2008 if she could avoid cold weather, fumes, and odor. Ultimately, Sabins was advised by her doctors that she should only perform sit down secretarial work until May 2008. Similar notes with like restrictions continued until October 15th when Sabins' doctors restricted her to working for no

more than two hours per day.  As indicated by the magistrate judge, Sabins exhausted all of her medical leave, and the Commission was unable to accommodate her restrictions.  This is because the limitations imposed by her medical doctors were directly at odds with her work as a meter mechanic, which included such tasks as (1) the installation, servicing, and maintenance of certain water equipment; (2) the opening of water services to new customers; (3) the termination of water services; (4) the field testing of water quality; (5) the reading and recording of water meters; and (6) the  performance of outdoor manual duties in hot, cold, and sometimes damp, weather.

### III.

In those cases that involve direct evidence of discrimination, a plaintiff has the burden of demonstrating, *inter alia,* that  (1) she is "disabled," and (2) she is "otherwise qualified" for the position despite his or her disability (a) without accommodation from the employer; . . . or (c) with a proposed reasonable accommodation. *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1186 (6th Cir. 1996).  In such cases, the employer bears the burden of proving that a challenged job criterion is essential, and therefore a business necessity, or that a proposed accommodation will impose an undue hardship upon it.  *Id.*

In those cases that involve indirect evidence of discrimination, a plaintiff must proceed by satisfying the elements of the often-quoted *McDonnell Douglas* burden-shifting framework.  This requires the presentation of a *prima facie* case by a plaintiff which establishes that she (1) is disabled, (2) was otherwise qualified for the position, with or without reasonable accommodation, and (3) suffered an adverse employment decision.  In addition, an aggrieved plaintiff must also proffer evidence that  (1) the employer knew or had reason to know of the plaintiff's disability, and (2) the position remained open while the employer sought other applicants or the disabled

individual was replaced. *Id.* Thereafter, the defendant must then offer a legitimate reason for its employment decision. If the defendant satisfies this burden, it becomes the plaintiff's duty to introduce evidence which shows that the proffered explanation is pretextual. *Id.*

In applying these factors, the magistrate judge found that there was no dispute between the parties that Sabins was qualified to perform the essential functions of her job with or without a reasonable accommodation from the Commission. Upon reviewing its review of the record, the Court agrees. The magistrate Judge correctly noted that the "essential" functions of Sabins' employment required her to work under conditions which contained the very dangers about which her physicians had cautioned; namely, wet environments, cold and hot temperatures, and on assignments that would require her to remain outdoors. The Court thus agrees with the magistrate judge that any reasonable accommodation within the context of the meter mechanic position would amount to a modification of an essential element of her job function. *See e.g., Lowry v. Eastman Kodak Co.*, 14 Fed. Appx. 27, 30 (2nd Cir. 2001) ("Reasonable accommodation does not include modifications that would eliminate an essential job function.").

The magistrate judge also correctly found that transferring a disabled employee such as Sabins to another position may not always be a reasonable accommodation that is required of an employer. *See e.g., Taylor v. Pepsi*, 196 F.3d 1106, 1110 (10th Cir. 1999) ("To survive summary judgment, [on a failure to transfer claim under the ADA], plaintiff must establish that he was qualified to perform an appropriate vacant job which he must specifically identify and show was available within the company at or about the time he requested reassignment."). However, the Defendant in this action claims that (1) it could not accommodate Sabins' proposed restrictions, as it had no clerical or sedentary positions available, and (2) although Sabins had requested a transfer

and was placed on a transfer list, there was no other work available within the entire County which could satisfy her restrictions.[2] Sabins has not proffered any evidence to contest the Defendant's characterizations.

Because the Court ultimately agrees with the assessment of the magistrate judge that -based on the current record -Sabins has not established that she was able to perform the essential functions of her job, with or without reasonable accommodation. Thus, Sabins cannot show that she was a "qualified individual with a disability." Hence, her ADA discrimination claim must fail.

Accordingly, the Court will, and does, adopt the report of the magistrate judge in full. The Defendant's motion for summary judgment is granted. The case is dismissed with prejudice.

IT IS SO ORDERED.

Date: September 29, 2011           s/Julian Abele Cook, Jr.
                                   JULIAN ABELE COOK, JR.
                                   U.S. District Court Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 29, 2011

                                   s/ Kay Doaks
                                   Case Manager

---

[2] The Commission notes that due to economic conditions, the County of Oakland was placed on a hiring freeze during the time when Sabins was on the transfer list.